# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON MONTANEZ,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>RICHARD KELLER, et al.,<br><br>　　　Defendants | CIVIL ACTION NO. 3:13-CV-02564<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

　　This is a *pro se* prisoner civil rights action. On October 29, 2013, the Court received and filed a motion for appointment of counsel, signed and dated by the Plaintiff on October 28, 2013. (Doc. 6). On December 5, 2013, the Court entered an Order denying the Plaintiff's motion. (Doc. 11). On January 6, 2014, the Plaintiff filed a motion for reconsideration (Doc. 14) of the Court's December 5, 2013 Order. For the following reasons, the Court will deny the Plaintiff's motion for reconsideration.

　　A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Philadelphia*, No. 1:13-CV-510, 2013 WL 5781732, at *1 (M.D. Pa. Oct. 25, 2013). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed

- 2 -

of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting another source).

In this Court's Order denying the Plaintiff's request for appointment of counsel (Doc. 11), the Court reviewed the several factors set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), and its progeny. *See Tabron*, 6 F.3d at 155–57; *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). The Plaintiff fails to identify any intervening change in the controlling law, any newly available evidence, any clear error of law or fact, or any manifest injustice that might compel this Court to reconsider its ruling. Indeed, the Plaintiff's present motion further demonstrates that he is able to represent himself at this stage of the litigation.

For the foregoing reasons, the Plaintiff's motion for reconsideration (Doc. 14) is **DENIED**. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of the Plaintiff.

An appropriate Order follows.

**BY THE COURT:**

**Dated: January 28, 2014**        *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**