UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON MONTANEZ, <br><br> Plaintiff <br><br> v. <br><br> RICHARD KELLER, et al., <br><br> Defendant | CIVIL ACTION NO. 3:13-CV-02564 <br><br> (CAPUTO, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Domingo Colon Montanez, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Montanez brings claims against thirteen (13) state correctional authorities, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Pending before this Court is Defendants' motion to dismiss. (Doc. 25).

**I. FACTUAL BACKGROUND**

This is a *pro se* prisoner civil rights action, initiated upon the filing of the original complaint in this matter on October 15, 2013 to redress injuries allegedly suffered as a result of revoking Plaintiff Domingo Colon Montanez's single cell status. (Doc. 1). Montanez seeks money damages and injunctive relief for various purported violations of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution, which were allegedly committed by Defendants in connection with Montanez's incarceration on a state criminal rape charge. The gravamen of his complaint consists of claims against the corrections officers of the State Correctional Institution at Dallas ("SCI-Dallas"), located in Dallas,

Pennsylvania, who he alleges encouraged inmates to harass, threaten and assault him and revoked his "Z" code, single cell status designation.[1] Specifically, he alleges that the named Defendants conspired to revoke his single cell status in retaliation for five grievances he filed with respect to his medical treatment.

Defendants filed a timely motion to dismiss on April 14, 2014 along with a brief in support, filed on May 5, 2014. (Doc. 29). The motion is now ripe for disposition.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit, discussing the evolving standards governing pleading practice in federal court, has stated in relevant part:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

---

[1] While Montanez describes at length the treatment he endured while confined at various state corrections institutions before his transfer to SCI-Dallas on March 25, 2008, the Defendants named in the caption of his complaint are employed at SCI-Dallas where Montanez is currently confined. As such, this Court need not address the events leading up to Montanez's transfer to SCI-Dallas, as it appears Montanez has not sought relief from these alleged incidents and in any event would be barred by the statute of limitations.

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and

3

matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

I. DISCUSSION

A. ELEVENTH AMENDMENT IMMUNITY FROM DAMAGES

Montanez seeks declaratory judgment, injunctive relief, and damages from each of the Defendants in his or her individual and official capacities. To the extent Montanez seeks damages from the Defendants in their official capacities, these claims are barred by the Eleventh Amendment to the United States Constitution. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (finding damages claims against state officials sued in their official capacities to be barred by the Eleventh Amendment). *See generally Kentucky v. Graham*, 473 U.S. 159, 166–68 (1985) (providing an overview of the distinction between official- and individual-capacity suits); *MCI Telecomm. Corp. v. Bell Atlantic Pa.*, 271 F.3d 491, 503–08 (3d Cir. 2001) (providing an overview of Eleventh Amendment jurisprudence). The Eleventh Amendment does not, however, bar prospective declaratory or injunctive relief against state officials. *See Christ the King Manor, Inc. v. Sec'y of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Koslow v. Pennsylvania*, 302 F.3d 161, 178–79 (3d Cir. 2002).

Accordingly, it is recommended that the Defendants' motion (Doc. 29) be granted with respect to the issue of Eleventh Amendment immunity, and all damages claims against the Defendants in their official capacities be dismissed for failure to state a claim upon which relief can be granted.

B. Lack of Personal Involvement

The Defendants have moved for the dismissal of all claims against Defendants Kelley, Wetzel and Klopotoski for lack of personal involvement in the alleged violations of Montanez's federal constitutional rights. (Doc. 29). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (addressing § 1983 claims). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode,* 845 F.2d at 1207. Personal involvement is required under a supervisory theory of liability. In particular, "[s]upervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff." *Joy v. Healthcare C.M.S.*, 534 F. Supp. 2d 482, 485 (D. Del. 2008) (citing *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women,* 128 Fed.Appx. 240 (3d Cir. 2005)).

The filing of a grievance is not sufficient to show personal involvement required under a theory of supervisory liability. *Collins v. Williams*, 575 F.Supp.2d 610, 616 (D. Del. 2008)("[G]rievances alone are not enough to impute knowledge and liability" to a defendant.); see *also Brooks v. Beard*, 167 Fed.Appx. 923, 925 (3d Cir. 2006); *Cole v. Sobina*, Civ. No. 04–99J, 2007 WL 4460617 (W.D. Pa. 2007); *Ramos v. Pennsylvania Dep't of Corr.*, Civ. No. 06–1444, 2006 WL 2129148 (M.D. Pa. 2006); *Jefferson v. Wolfe*, Civ. No. 04–44 ERIE, 2006 WL 1947721 (W.D.Pa.2006); *Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d

Cir. 1998). "It is well established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation for allegations made therein is insufficient to hold that official liable for the alleged violations." *Padilla v. Beard*, No. 1:CV-06-0478, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006) (citing *Greenwaldt v. Coughlin*, 93 Civ. 6551 (LAP), 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995)) (citations omitted); *see also Collins v. Williams*, 575 F.Supp.2d 610, 616 (D. Del. 2008) ("[P]articipation in the after-the-fact-review of a grievance is not enough to establish personal involvement.") (citing *Brooks v. Beard*, 167 Fed.Appx. 923, 925 (3d Cir. 2006) (finding that allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish personal involvement of those officials and administrators in the underlying deprivation)). As such, "it is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had 'done more.'" *Collins*, 575 F.Supp.2d at 616 (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir.2001)).

The complaint does not contain any allegations of personal involvement on the part of Defendants Kelley, Wetzel and Klopotoski in the decision to revoke Montanez's single cell status. Rather, Montanez's claims rest on the argument that Defendants Kelley and Klopotoski had personal knowledge of the acts complained of as a result of letters and grievances he filed and that Defendant Wetzel "knew or should have known" about his grievances by his position as warden and as such, should have implemented a policy with respect to cell assignments that would favor reinstatement of Montanez's single cell status. Because Montanez has failed to demonstrate that these Defendants were personally involved in the alleged misconduct, it is recommended that the Defendants' motion (Doc. 25) be granted with respect to dismissal of all

claims against Defendants Kelley, Wetzel and Klopotoski for failure to state a claim upon which relief can be granted.

### C. FIRST AMENDMENT RETALIATION CLAIMS

Montanez has set forth retaliation claims against the prison official Defendants at SCI-Dallas. (Doc. 1). A prisoner alleging First Amendment retaliation must satisfy three elements: (1) that he engaged in a constitutionally protected activity, *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); (2) that he suffered some adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (citing *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)); and (3) that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to" take the adverse action against him. *Rauser*, 241 F.3d at 333 (quoting *Mount Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). If a plaintiff establishes a *prima facie* case of retaliation, the burden then shifts to the prison officials to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if the plaintiff were not engaging in the constitutionally protected activities. *Rauser*, 241 F.3d at 334 ("Once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."). It is well settled that government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right. *Allah*, 229 F.3d at 224–25. Accordingly, a prisoner litigating a retaliation claim need not prove

7

that he had an independent liberty interest in the privileges he was denied. *Rauser*, 241 F.3d at 333.

Montanez asserts that the prison official Defendants revoked his single-cell status in retaliation for filing five grievances against the medical department. (Doc. 1, at 10). The filing of a grievance is a constitutionally protected activity. *Milhouse v. Carlson*, 652 F.2d 371, 373–74 (3d Cir. 1981). Moreover, the revocation of an inmate's single cell status constitutes adverse action. *See Carpenter v. Kloptoski*, No. 1:08–CV–2233, 2013 WL 1410390, at *4 (M.D. Pa. Apr. 8, 2013) However, Montanez has not set forth facts demonstrating a causal link between the filing of grievances and the revocation of his single cell status. Specifically, the record is devoid of any evidence of time or circumstances concerning Montanez's claim that his single-cell status was revoked in retaliation for filing grievances. *See Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997)("The timing of the alleged retaliatory action must be unusually suggestive before a causal link will be inferred."). Accordingly, it is recommended that Defendants' motion be granted (Doc. 25), with respect to dismissal of these claims.

D. EIGHTH AMENDMENT CLAIM

Montanez alleges that his Eighth Amendment rights were violated as a result of the revocation of his single-cell status on October 9, 2011. (Doc. 1 ). "The Eighth Amendment imposes a general duty on prison officials to protect inmates from violence by other prisoners." *Nifas v. Coleman*, 528 F. App'x 132, 135 (3d Cir. 2013) *cert. denied*, 134 S. Ct. 788, (2013) reh'g denied, 134 S. Ct. 1369 (2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). "In order to establish a failure to protect claim, an inmate must demonstrate that: (1) he is 'incarcerated under conditions posing a substantial risk of serious harm'; and (2) the prison official acted with 'deliberate indifference' to his health and safety." *Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir.

8

2005)(citing *Farmer v. Brennan*, 511 U.S. at 834). With respect to confinement conditions, a plaintiff must allege conditions that, either alone or in combination, deprive him or her of "the minimal civilized measure of life's necessities," such as essential food, clothing, shelter, sanitation, medical care, or personal safety. *See Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981); *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992). This is an objective standard, which requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To be deliberately indifferent, a prison official must both "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. This is a subjective standard, requiring that the prison official "actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir.2001). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 & n.14 (1976).

Here, to the extent that Montanez alleges that prison officials were deliberately indifferent to his health and safety by revoking his "Z" code status and forcing him to double-bunk, the record is devoid of facts demonstrating an excessive risk to his health or safety, or that Defendants acted with deliberate indifference. Rather, Montanez merely articulates a generalized fear of harm. He alleges that guards have actual knowledge of a known risk that he might be attacked because he was labelled as a "snitch, a rapist, a child molester, [a] baby rapist, [and] a homosexual . . ." As such, he contends that *if* he is placed in a double cell with a cell mate, and *if* a cellmate assaults him because of his label as a "snitch, baby rapist, [or] rapist, [he] will file criminal charges." (Doc. 1, at 10). Accordingly, this Court recommends that

Defendants' motion to dismiss be granted (Doc. 25), as Montanez has failed to allege facts sufficient to state an Eighth Amendment claim.

### E. DUE PROCESS CLAIM

Martinez claims that Defendants violated his right to due process under the Fourteenth Amendment by revoking his "Z" code status and forcing him to double-cell without a hearing. The Fourteenth Amendment provides, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

*Sample v. Diecks,* 885 F.2d 1099, 1113–14 (3d Cir.1989).

"It is well-settled that prisoners do not have a due process right to be single-celled." *Hodges v. Wilson,* 341 F. App'x 846, 849 (3d Cir. 2009) (citing *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Here, Montanez's Fourteenth Amendment claim is entirely based on his mistaken belief that he has a continued property interest in a single-cell at SCI- Dallas. Accordingly, this Court recommends dismissal as to Montanez's Fourteenth Amendment claim.

### F. CONSPIRACY CLAIM

To the extent Montanez intended to proceed with a conspiracy claim under § 1983, a plaintiff must establish that: (1) Defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law.

10

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000). Additionally, to sufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose, and must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Marchese*, 110 F. Supp. 2d at 371 (internal citations omitted). Moreover, "[t]o prevail on a conspiracy claim, the plaintiff must present evidence of an agreement-'the sine qua non of a conspiracy' . . . -as it is 'not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism.'" *Eichelman v. Lancaster Cnty.*, 510 F. Supp. 2d 377, 392-93 (E.D. Pa. 2007) (citing *Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D. Pa. 1997)). In this case, Montanez does not allege any form of agreement among prison officials to deprive him of any constitutionally protected right. Rather, he merely asserts that Defendants conspired to "subject [him] to cruel and unusual punishment," and to deny him a due process hearing before revoking his "Z" Code status. (Doc. 1, at 16). Accordingly, the conspiracy claims should be dismissed for failure to state a claim.

G. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Montanez has not been given leave to amend his complaint previously in this matter. There is nothing to suggest that amendment of Montanez's claims against these Defendants would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that

Montanez be granted leave to amend his complaint within a specified time period following dismissal of his claims against these Defendants.

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motions to dismiss (Doc. 25) be **GRANTED** and the complaint (Doc. 1) be **DISMISSED** for failure to state a claim;

2. Plaintiff be granted leave to file an amended complaint within a specified period of time following dismissal of his original complaint, in accordance with the foregoing; and

3. This matter be remanded to the undersigned for further proceedings.

                                              **BY THE COURT:**

**Dated: December 16, 2014**                        *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DOMINGO COLON MONTANEZ,

        Plaintiff

v.

RICHARD KELLER, et al.,

        Defendant

CIVIL ACTION NO. 3:13-CV-02564

(CAPUTO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 16, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 16, 2014**

                                                  *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States Magistrate Judge**