# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON-MONTANEZ, | CIVIL ACTION NO. 3:CV-13-2564 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| RICHARD KELLER, *et al.*, | (MAGISTRATE JUDGE |
| Defendants. | MEHALCHICK) |

## MEMORANDUM ORDER

Presently before me are (1) Plaintiff's motion for reconsideration (Doc. 51) of my Order adopting Magistrate Judge Mehalchick's Report and Recommendation (Doc. 47) and (2) Plaintiff's motion to appoint counsel and for a temporary restraining order (Doc. 59). Because Plaintiff has failed to establish any intervening change in law, previously unavailable evidence, or a manifest injustice, his motion for reconsideration will be denied. Plaintiff's motion to appoint counsel and for a temporary restraining order will also be denied.

Plaintiff Domingo Colon-Montanez is an inmate incarcerated within the state correctional system. On October 15, 2013, Plaintiff commenced this action under 42 U.S.C. § 1983 against Former Attorney General Kelly, Department of Corrections Secretary Wetzel, Deputy Secretary Klopotoski, and the following SCI-Dallas employees: Superintendent Walsh, Deputy Superintendents Demming and Mahally, Major Gordon, Captain Pall, Unit Managers Josefewicz and Putnam, Counselors Keller and Pyzia, and Pyschology Supervisor Miskell. Plaintiff alleges that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights when they denied him mental health care, removed his single-cell ("Z Code") status, issued false misconducts to him, and transferred him between institutions.

On April 14, 2014, Defendants filed a motion to dismiss (Doc. 25) and Plaintiff filed a brief in opposition on June 12, 2014 (Doc. 33). On December 16, 2014, Magistrate Judge Mehalchick issued a Report and Recommendation (Doc. 34), recommending that Defendants' motion to dismiss be granted and that Plaintiff's complaint be dismissed for failure to state a claim. On January 20, 2015, I issued an Order adopting the Report and

Recommendation. (Doc. 35.)

On January 22, 2015, Plaintiff filed a Notice of Change of Address stating that he had been transferred to a different correctional institution on January 13, 2015, and alleged that all of his legal mail had been confiscated. (Doc. 36.) Plaintiff asserted that as a result, he had not been able to file timely objections to the Report and Recommendation. He subsequently filed a motion for leave to file objections to the Report and Recommendation and a motion for extension of time to file an amended complaint (Docs. 37 & 39), which I granted on February 6, 2015 (Doc. 43). However, Plaintiff failed to file an amended complaint. Instead, on March 27, 2015, he filed a letter stating that he had not received any orders in response to his previously filed motions. (Doc. 45.)

On April 23, 2015, I granted Plaintiff's motion for leave to file objections, directing him to file objections on or before May 21, 2015. (Doc. 46.) However, Plaintiff failed to file any objections. Consequently, on June 4, 2015, I again adopted Magistrate Judge Mehalchick's Report and Recommendation and dismissed Plaintiff's complaint, granting him thirty (30) days to file an amended complaint. (Doc. 47.) On June 15, 2015, Plaintiff filed a motion for extension of time to file a motion for reconsideration (Doc. 48), which I granted (Doc. 50).

On July 23, 2015, Plaintiff filed a motion for reconsideration of my June 4, 2015 Order adopting Magistrate Judge Mehalchick's Report and Recommendation and dismissing his complaint for failure to state a claim. (Doc. 51.) On August 6, 2015, Defendants filed a brief in opposition (Doc. 55) and on September 11, 2015, Plaintiff filed his reply (Doc. 58). Plaintiff's motion for reconsideration is now fully briefed and ripe for disposition.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one (1) of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc., v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).  A motion for reconsideration should not be used as a means to re-argue matters already argued and disposed of or as an attempt to re-litigate a point of disagreement between the Court and the litigant.  *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  Reconsideration motions are not to be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  *Hill v. Tammac Corp.*, No. 1:05–CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, reconsideration is an extraordinary remedy and should therefore be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Plaintiff's request for reconsideration will be denied.  Here, Plaintiff has failed to establish any reasonable basis for reconsideration.  He does not set forth any factual or legal basis supporting an argument that the Order was erroneous or failed to properly apprehend the underlying facts stated in his complaint.  Instead, he asserts that dismissal is manifestly unjust because he did not receive a copy of the April 23, 2015 Order granting him a second extension to file objections to the Report and Recommendation.  However, this does not establish a manifest injustice because even assuming he did not receive the Order, his motion for reconsideration sets forth no reason why his complaint should not have been dismissed for failure to state a claim.  Therefore, because Plaintiff has set forth no basis for denying the motion to dismiss and having repeatedly failed to file an amended complaint, Plaintiff's motion for reconsideration will be denied.

**NOW**, this 5th day of January, 2016, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's motion for reconsideration (Doc. 51) is **DENIED**.

(2) Plaintiff's motion to appoint counsel and for a temporary restraining order (Doc. 59) is **DENIED**.

(3) Plaintiff's complaint will be **DISMISSED with prejudice**.

(4) The Clerk of Court is directed to mark the case as **CLOSED**.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge